CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL FRANK HEGGINS,** | ) |
|     Plaintiff, | )     Civil Action No. 7:24cv00531 |
| | ) |
| v. | )     **MEMORANDUM OPINION** |
| | ) |
| **JOSHUA DESFORGES,** | )     By: Robert S. Ballou |
|     Defendant. | )     United States District Judge |

Daniel Frank Heggins, a Virginia inmate proceeding *pro se*, has filed a civil rights action against the defendant under 42 U.S.C. § 1983, alleging what appears to be complaints of false arrest, malicious prosecution, and lying to the grand jury. Upon preliminary review of this matter, as required by 28 U.S.C. § 1915A(a), I find that the Complaint fails to state a claim for which relief can be granted.

According to Heggins' complaint, the defendant, Joshua DesForges dba MKB Realty, testified before the grand jury that plaintiff provided DesForges "a proof of funds/wire transfer," which Heggins alleges is untrue. As a result, Heggins was indicted and charged, along with co-defendant Estes, with one count of conspiracy to commit wire fraud and one count of aiding and abetting the offense of wire fraud, in violation of 18 U.S.C. § 1343, arising out of Estes' scheme to acquire a $1.3 million home in Roanoke, Virginia, while he was on pretrial release. DesForges was the realtor handling the sale for Estes. Estes ultimately pleaded guilty to the wire fraud charges (and five others) on January 16, 2025. *United States v. Estes, et al.*, No. 7:23cr00042, ECF No. 177 (W.D. Va. Filed Jan. 16, 2025). Heggins proceeded to trial by jury on February 3–5, 2025. Following deliberations, the jury convicted Heggins of aiding and abetting wire fraud but acquitted him of the conspiracy charge. *Id.* at ECF No. 227. On May 15, 2025, Heggins was sentenced to 24 months in the BOP, followed by three years of supervised release. *Id.* at 263.

Heggins has appealed to the Fourth Circuit Court of Appeals, where the matter is currently pending. *Id.* at 284.

Section 1983 provides a cause of action against a person who, *acting under color of state law*, violates the constitutional rights of another. 42 U.S.C. § 1983. A public official or government employee acts "under color of state law" when he exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (internal quotation and citations omitted). Courts must examine the "totality of circumstances" to determine if the defendant's action is sufficiently connected with the state to be treated as an action of the state itself. *Id.* at 679–80. There is no allegation that DesForges was acting under color of state law, nor do the circumstances of the case indicate that DesForges was acting under authority of state law. DesForges is a realtor. Private individuals, including professionals, are not considered state actors. *See, e.g., Daggett v. Key*, 123 F. App'x 721, 722 (7th Cir. 2005) (unpublished) (recognizing that certain defendants, including a realtor, were not state actors); *Kash v. Honey*, 38 F. App'x 73, 75 (2nd Cir. 2002) (unpublished) ("The acts of private attorneys are not deemed to be 'under color of state law.'"); *Jackson v. Burgess*, No. 2:03CV514, 2003 WL 24101520, at *2 (E.D. Va., Dec. 22, 2003) (noting that all defendants, including plaintiff's realtor, were private individuals, not acting under color of state law).

Even were DesForges acting under color of state law, the Supreme Court has recognized absolute immunity from suit under § 1983 for grand jury witnesses, arising out of their testimony. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). Two concerns underlie this immunity. First, just as regular trial witnesses, a grand juror witness might be reluctant to come forward if he feared retaliatory litigation for testifying. *Id.* at 367. Second, allowing § 1983 lawsuits

against grand jury witnesses would compromise the "vital secrecy" of those proceedings. *Id.* at 374.

Finally, Heggins has been convicted of aiding and abetting wire fraud, as charged in the indictment issued by the grand jury. An essential element of a malicious prosecution claim is that the criminal proceedings ended favorably to the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). So far, the proceedings against Heggins have not ended favorably.

For the reasons stated, I will dismiss Heggins' Complaint for failure to state a claim for which relief may be granted. An appropriate order will be issued this day.

Enter: July 26, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge